## VAN DE WATER, et ux v. ECHOLS, et al.
No. 77-2095-CA(L)01-B.

Circuit Court, Palm Beach County.

July 7, 1978.

Patrick J. Casey, West Palm Beach, for the plaintiffs.

Ronald C. Willis, Miami, for the defendants.

DANIEL T. K. HURLEY, Circuit Judge.

A hearing was held in this case on Thursday, June 29, 1978, for the purpose of considering the defendants' motion for summary judgment. Patrick J. Casey, Esq. appeared for the plaintiffs; Ronald C. Willis, Esq. appeared for the defendants.

This case turns on the narrow question of whether a subdural hematoma is a "new injury" or an "unexpected consequence of a known injury." The distinction between these two concepts is brightened by examining these cases *Boole v. Florida Power and Light Co.*, 3 So.2d 335 (Fla. 1949) (new injury), and *DeWitt v. Miami Transit Co.*, 95 So. 2d 898 (Fla. 1957) (unanticipated consequence). For the reasons set forth below, I conclude that a subdural hematoma falls into the second category and consequently I conclude that the release signed herein is a valid and insurmountable defense and precludes recovery by the plaintiffs.

Plaintiff — Mr. Van De Water was involved in a vehicular collision in which he suffered head injuries which necessitated over fifty stitches. Later he negotiated for and signed a release and settlement of the claim. By its express terms it covered ". . . personal injuries known or unknown . . ." Subsequently he discovered that he had a subdural hematoma — an accumulation of blood located over the surface of the brain.

The controlling rule for this case is set forth in *Dewitt,* supra at 901 —

> While a release executed pursuant to a mistake as to a past or present fact may on proper showing be set aside, unknown or unexpected consequences of known injuries will not result in invalidating the release. An erroneous opinion or error of judgment respecting future conditions as a result of presently known facts will not justify setting the release aside.

At this juncture in the proceedings, the question that confronts the court is whether there is a genuine issue as to any material fact. *Unijax, Inc. v. Factory Insurance Assoc.*, 328 So.2d 448 (Fla. 1st DCA 1978). After reviewing the pleadings, affidavits, and deposition in the court file, I conclude that there is no genuine issue of material fact and that the release, as a matter of law, precludes recovery by the plaintiff.

The medical testimony in this case comes from the plaintiff's own witness, Dr. David MacMillan, and it is uncontradicted. The following questions and answers (pp. 25-26) are exemplary of its general tenor —

> Q. Dr. MacMillan, in regard to the blow to the brain, a blow to the head, I believe is the way it was phrased, almost always subjects the brain or its surface and the connecting vessels so some bleeding occurs. Are you telling me that this occurs in almost all cases similar to the blow that was received by Mr. Van De Water?
>
> A. Yes, sir. I would have to say that is the case.

Q. You indicated that, when we were talking about some Joe Doe, who did not suffer a hematoma, but, in most cases, probably do suffer from cranial bleeding?

A. Yes.

Thus, there is a direct and predictable cause and effect relation between the trauma of the collision and the resulting hematoma. Certainly no reasonable person could mistake the gravity of the injury and its potentiality for serious after effects. This is borne out by Mrs. Van De Water's testimony in which she said —

A. . . . but underneath I felt that he might have reprecussions from it, yes.

Q. What made you feel that way?

A. Because, let's face it, when you have a knock on the head like he did, there is bound to be complications. I had a feeling that there would be and I reluctantly signed it at that time and I also mentioned it at that time.

Here the Van De Waters fully comprehended the existence of the injury. But, as did the parties in *DeWitt,* supra, "they merely failed to evaluate accurately . . . the ultimate product of the injury . . ."

In reaching its determination in this case, the court would indicate that it joins in the sentiment expressed by the appellate panel in *Stiff v. Newman,* 134 So. 2d 260, 263 (Fla. 2d DCA 1961) that, "We are mindful of the unfortunate consequences that sometimes result from the hasty but voluntary executions of general releases of liability. Sympathy, however, must not dictate exceptions to settled rules."

Accordingly, it is ordered and adjudged that the defendants' motion for summary judgment be, and the same is herewith granted.